NAILOR (UNITED STATES v.). See Case No. 15,853.

NAIRAC (ECHEVERIA v.). See Case No. 4,261.

NAIRN (COUMBE v.). See Case No. 3,278.

NALAN (COOMBS v.). See Case No. 3,189.

## Case No. 10,005.
### NALL et al. v. The ILLINOIS et al.
[6 McLean, 413.] [1]

Circuit Court, D. Michigan. June Term, 1855.

APPEAL—REASONABLE DILIGENCE—MARITIME LIEN—HOME PORT—LOCAL LAW.

1. On an appeal in admiralty, from the district to the circuit court, reasonable diligence should be used in prosecuting the appeal.

2. If the party delay perfecting the appeal for six months, and until a day or two before the term of the circuit court, the appellee may, under the rule, notice the cause for a hearing, and the court will require him to take his depositions during the session of the court, so as to come to a hearing.

3. At the home port of a vessel, the local law must regulate the lien. A purely maritime lien may arise in every other port, under the maritime jurisdiction, unless it be in the home port. This must be regulated by the local law. The lien cannot arise under the local law and also under the maritime.

[Appeal from the district court of the United States for the district of Michigan.]

[This was a libel by James Nall, Jr., and others against the steamer Illinois and others for supplies.]

Mr. Howard, for libellants.

M. Newberry, for respondents.

OPINION OF THE COURT. This is an appeal in admiralty from the district court. The libel is for articles furnished the steamer Illinois, an account of which is stated and satisfactorily proved by the libellants. In their answer, the respondents allege that articles were furnished, but they deny that the claim in said libel mentioned is a lien upon the steamboat, her tackle, apparel, and furniture, &c.

In the libel there are some defects, which, if they had been taken advantage of in time, would have required amendment. The proceeding, though in the admiralty, is under the act of Michigan, which gives a lien on the vessel. In such a case the law should be specially referred to and substantially stated. So the tonnage of the vessel should be stated to show, that it comes under the admiralty jurisdiction and has a license. The libel asserts a lien on the vessel, by the maritime law, and the law of Michigan. This is inconsistent, as a lien must arise at the home port of the vessels under the local law. No lien attaches upon a domestic vessel, for work and labor done and performed on her, except by statute. Read v. Hull of a New Brig [Case No. 11,609]. By the common law, material men have no lien for articles furnished a vessel, whether she be foreign or domestic, and such is the law of the English

admiralty. But by the civil law, they have such a lien. In the United States they have it only in the cases of foreign ships, or ships of one of the states of the United States, furnished in another state. Zane v. The President [Id. 18,201]. It is of no importance how a lien arises under the local law, whether by statute, or common, or municipal law; whenever its existence is established, the jurisdiction of the admiralty attaches to it. The Marion [Id. 9,087]. A common law lien is always connected with the possession of the thing, and is simply a right to retain. But a maritime lien does not depend upon possession, but is an interest in the thing, and may be enforced, whenever the admiralty jurisdiction is exercised. The libel alleges, that, "the articles were delivered to the said steamer at Detroit aforesaid, to be used in furnishing and completing her; and it alleges some of them were put in and upon, and worked into said steamer by the work and labor of the libellant," &c. Now if the articles were not all so used, it would be difficult to say, what part of them were so used, and the libel could not be sustained. The averments should be positive, in order that the extent of the lien may be seen. Although the forms of procedure are less technical in admiralty, than at common law, yet there should be certainty in the material matters to give jurisdiction.

As an admiralty court, the district court has a general jurisdiction, yet it can enforce no liens against a vessel which is not of a size and character to engage in maritime navigation. It has been strongly suggested by some writers, that the lien under the statute is the same as the common law lien for mechanics, which depends for its validity on possession. But this point has not been raised in the pleadings, and it need not be examined. The maritime lien arose out of the conveniences, if not necessities, of commerce. The floating vessel is constantly changing its locality, and the master is often under the necessity of contracting debts for the repairs of his vessel, &c.; the work and labor done, or articles furnished for the ship, is presumed to be done or furnished on the credit of the vessel. A personal liability of the master only, would not be sufficient to meet the exigency. The vessel is, therefore, bound in such cases.

The motion which was made in this case for a continuance was overruled, on the ground that as the decree in the district court had been made six months before this court commenced, the appeal being filed a day or two before its commencement, showed such a want of diligence in the appellants in the prosecution of their appeal, as not to entitle them to further delay. A continuance would necessarily give a delay of eighteen months, from a decree in the district court. The court considered the circumstances as coming within the rule which authorized the appellants to notice the cause for trial; and

that it would impose no unjust hardship on the defendants, to take their depositions during the present term. When this decision was announced, the court stated, all the time would be given, to take the depositions during the term, which could be given.

A statement has been made of what the defendants' counsel expected to prove, and which, if admitted, could not affect the justice of the case. The correctness of the charges is admitted by Mr. Newberry, who built the vessel, and also by Mr. McKnight, who purchased her. In addition to these admissions, the items are proved by the clerk who sold the articles. As these articles were used in building and furnishing the boat, under the Michigan law, they constitute a lien on the boat, whether it be in the hands of Newberry the builder, or McKnight the purchaser, both of whom are defendants. Upon the whole, the decree of the district court is affirmed with costs.